1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZONE SPORTS CENTER, Inc. LLC, a California limited liability company, et al.,    )<br>)<br>)<br>)<br>         Plaintiffs,  )<br>   v.         )<br>       )<br>RED HEAD, INC., DBA Cabo Wabo Enterprises, a California Corporation, et al.,    )<br>)<br>)<br>)<br>       Defendants.  )<br>)<br>_____) | 1:10-CV-01833 AWI SMS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE<br><br>[Document #13] |

INTRODUCTION

On October 4, 2010, Plaintiffs Zone Sports Center, Inc. LLC ("ZSC"), Fresno Rock Taco, LLC ("FRT"), and Milton Peter Barbis ("Barbis") filed the present action against Defendants Red Head, Inc. ("RHI"), Skyy Spirits, LLC ("Skyy"), Gruppo Campari ("Campari"), Sammy Hagar ("Hagar") and Marco Monroy ("Monroy").  Before the Court are three separate motions. RHI, Skyy, Hagar and Monroy have moved to dismiss or transfer for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406.  The same Defendants have moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Campari has also moved to dismiss for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons that follow, the Court will grant the motion to transfer venue.

## BACKGROUND

On December 7, 2006, RHI and FRT entered into a licensing agreement pursuant to which RHI granted to FRT a license to use certain intellectual property associated with Sammy Hagar and the "Cabo Wabo" brand for FRT's use at the "Cabo Wabo Cantina" restaurant.  On November 14, 2008, RHI terminated the licensing agreement.  Subsequently, on December 22, 2008, RHI filed suit in the Northern District of California ("Northern District") against FRT for, *inter alia*, trademark infringement and breach of contract.

On March 19, 2009, ZSC, FRT and Barbis entered into a "Confidential Settlement Agreement" with RHI and Hagar.  The Confidential Settlement Agreement contained a forum selection clause, which stated: "[a]ny litigation arising out of or relating to this Agreement shall take place exclusively in the appropriate state or federal court having jurisdiction in San Francisco, California, and each Party hereby irrevocably consents to the jurisdiction of such courts."  On March 20, 2009, in connection with the Confidential Settlement Agreement, the Northern District entered a Stipulated Judgment and Permanent Injunction ("Stipulated Judgment").  The Stipulated Judgment states, *inter alia*, that "[FRT] consented to the jurisdiction" of the Northern District, "venue is proper" in the Northern District, and the Northern District "shall retain continuing jurisdiction to enforce the terms of this Stipulated Judgment[.]"

On October 4, 2010, ZSC, FRT and Barbis filed a Complaint in this Court against RHI, Skyy, Campari, Hagar and Monroy.  Plaintiffs' claims arise from the previously discussed licensing agreement and subsequent Confidential Settlement Agreement.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

2

1  transfer such case to any district or division in which it could have been brought."  The party

2  moving for transfer of a case bears the burden of demonstrating transfer is appropriate.

3  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).  The

4  decision to either dismiss for improper venue, or alternatively, transfer venue to a proper court is

5  a matter within the sound discretion of the district court.  In re Hall, Bayoutree Assocs., Ltd., 939

6  F.2d 802, 804 (9th Cir. 1991); Cook v. Fox, 537 F.2d 370, 371 (9th Cir. 1976).

7  **DISCUSSION**

8  RHI, Skyy, Hagar and Monroy have, *inter alia*, moved to dismiss or transfer for improper

9  venue pursuant to 28 U.S.C. § 1406.  These Defendants argue that venue is improper because of

10  the forum selection clause in the Confidential Settlement Agreement.  Forum selection clauses are

11  "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be

12  'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10

13  (1972).  The party challenging the forum selection clause bears a "heavy burden of proof" and

14  must "clearly show" that enforcement would be unreasonable.  Id. at 15, 17.  Although Bremen

15  created a strong presumption in favor of enforcing forum selection clauses, it also articulated three

16  reasons that would make the enforcement of forum selection clauses unreasonable:

17
18  > first, if the inclusion of the clause in the agreement was the product of fraud or
   > overreaching; second, if the party wishing to repudiate the clause would effectively be
   > deprived of his day in court were the clause enforced; and third, if enforcement would
19  > contravene a strong public policy of the forum in which the suit is brought.

20  Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing Bremen, 407 U.S. at

21  12-13, 15, 18).  The Supreme Court has construed these exceptions narrowly.  Argueta, 87 F.3d at

22  326.

23  A forum selection clause that is contained within an adhesion contract is not per se

24  unenforceable.  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991).  Forum

25  selection clauses in adhesion contracts are enforceable as long as they are not unreasonable or

26  otherwise fundamentally unfair.  Id.  The Supreme Court has explained that a forum selection

27  clause contained within an adhesion contract may be unenforceable if the clause requires litigation

28  3

1   in a "remote alien forum." Id. at 594.

2       In this case, all three Plaintiffs entered into the Confidential Settlement Agreement with

3   RHI and Hagar.  The Confidential Settlement Agreement contains a forum selection clause, which

4   clearly states that "[a]ny litigation arising out of or relating to this Agreement shall take place

5   exclusively in the appropriate state or federal court having jurisdiction in San Francisco,

6   California[.]"  Opposition at 8:20-22.  There is no dispute that the present action falls within the

7   scope of the forum selection clause.  Thus, Plaintiffs have the heavy burden of showing that the

8   enforcement of the clause is unreasonable or fundamentally unfair.

9       Plaintiffs contend that the forum selection clause should not be enforced because the

10  Confidential Settlement Agreement is an adhesion contract. Id. at 8:19-20.  However, the

11  Supreme Court has made clear that the mere fact that the forum selection clause is contained

12  within an adhesion contract does not make it unenforceable.  Carnival Cruise Lines, 499 U.S. at

13  593-94.  With respect to the argument that the forum selection clause is unenforceable because

14  San Francisco is a "remote alien forum," Plaintiffs state that they are "not located in the City and

15  County of San Francisco and never had any contacts with the forum."  Opposition at 8:17-18.

16  However, San Francisco does not qualify as a "remote alien forum" given Plaintiffs' history with

17  San Francisco in the Northern District case and given San Francisco's close proximity to Fresno.

18  See Hill v. Pac. Gas and Elec. Co., No. C94-4247 FMS, 1995 WL 86567, at *2 (N.D. Cal. Feb.

19  21, 1995) (stating that "[i]n relation to San Francisco, Fresno hardly qualifies as a 'remote alien

20  forum'" because at worst the plaintiff will be "slightly inconvenienced by litigating in Fresno").

21  Plaintiffs have failed to meet their heavy burden of proof because they have not clearly shown that

22  enforcement of the forum selection clause would be unreasonable or fundamentally unfair.

23  Therefore, venue is improper.

24      Since venue is improper, the Court has the discretion to either dismiss or transfer the case

25  under 28 U.S.C. § 1406(a).  King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).  In light of the

26  forum selection clause and the Stipulated Judgment stating that the Northern District retains

27

28                                        4

continuing jurisdiction, it is apparent that Plaintiffs should have filed this case in the Northern District.  Therefore, the Court will transfer this case to the San Francisco Division of the Northern District.  Given the resolution of the motion to transfer, the Court will not address the motions to dismiss.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants RHI, Skyy, Hagar and Monroy's motion to transfer venue is GRANTED and this case is TRANSFERRED to the Northern District of California, San Francisco Division.

IT IS SO ORDERED.

Dated:  ___February 4, 2011___      _____
                                    CHIEF UNITED STATES DISTRICT JUDGE

5