1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZONE SPORTS CENTER LLC, ET AL.,

        Plaintiffs,

    v.

RED HEAD INC, ET AL.,

        Defendants.

_____/

No. C 11-00634 JSW

**ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS**

    Now before the Court are the motions filed by and Defendants Red Head Inc. ("RHI"), Sammy Hagar ("Hagar"), Marco Monroy, and SKYY Spirits, LLC (collectively, "Defendants") and Defendant Gruppo Campari ("Gruppo Campari") to dismiss the complaint filed by Plaintiffs Zone Sports Center ("ZSC"), Fresno Rock Taco, LLC ("FRT"), and Milton Barbis ("Barbis") (collectively, "Plaintiffs"). Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby grants Defendants' motion to dismiss. The Court denies Gruppo Campari's motion to dismiss as moot.[1]

**BACKGROUND**

    On December 7, 2006, RHI and FRT entered into a licensing agreement pursuant to which RHI granted a license to FRT to use certain intellectual property associated with Hagar

---

[1] Pursuant to Federal Rule of Evidence 201, the Court GRANTS Defendants' request for judicial notice ("RJNs") with respect to Exhibits B and D through K. The Court DENIES Defendants' request to take judicial notice of Exhibits A and C. Nevertheless, the Court may consider these documents in adjudicating the motion to dismiss because their contents are alleged in the complaint and Plaintiffs do not contest their authenticity. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court GRANTS Plaintiffs' request to file their supplemental brief.

United States District Court

For the Northern District of California

1  and the "Cabo Wabo" brand for FRT's use at the "Cabo Wabo Cantina" restaurant.  On

2  December 22, 2008, RHI filed a lawsuit in the District Court for the Northern District of

3  California against FRT arising out of the parties disputes over the licensing agreement and the

4  opening of the "Cabo Wabo Cantina" restaurant.  (*Red Head, Inc. v. Fresno Rock Taco LLC*,

5  Case No. 08-5706 - EMC ("Prior Action").)  RHI asserted claims for, *inter alia*, breach of

6  contract and trademark infringement against FRT.  In the Prior Action, the parties signed a

7  confidential settlement agreement ("Settlement Agreement") in which both sides released their

8  claims against each other.  On March 20, 2009, in connection with the Settlement Agreement,

9  the court entered a Stipulated Judgment and Permanent Injunction.

10  On October 4, 2011, Plaintiffs filed this instant action against Defendants and Gruppo

11  Campari.  Defendants move to dismiss Plaintiffs' complaint on the grounds of res judicata,

12  judicial estoppel, and failure to state a claim.  Gruppo Campari joins in Defendants' motion to

13  dismiss and also moves to dismiss Plaintiffs claims against it on independent grounds.

14  The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

16  **A.    Applicable Legal Standards for Motion to Dismiss.**

17  A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

18  pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in

19  the light most favorable to the non-moving party and all material allegations in the complaint

20  are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The Court may

21  consider the facts alleged in the complaint, documents attached to the complaint, documents

22  relied upon but not attached to the complaint, when the authenticity of those documents is not

23  questioned, and other matters of which the Court can take judicial notice.  *Zucco Partners LLC*

24  *v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

25  Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the

26  claim showing that the pleader is entitled to relief."  Even under Rule 8(a)'s liberal pleading

27  standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

28  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

Upon ruling on a motion to dismiss on the pleadings a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted). A court may also consider documents attached to the complaint or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted). The court need not "accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-1296 (9th Cir. 1998).

**B.     Plaintiffs' Claims are Barred by Res Judicata.**

"'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when, as between two (or more) actions, there is "'(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Id.* Collateral estoppel, or issue preclusion, bars

"relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Shaw v. Hahn,* 56 F.3d 1128, 1131 (9th Cir.1995).

Plaintiffs argue, without any supporting authority, that res judicata does not apply because FRT was a defendant, as opposed to a plaintiff, in the Prior Action. However, it is undisputed that the parties in the Prior Action, or parties in privity with the parties in the Prior Action, are the same parties as those in the current action before this Court. Accordingly, the Court rejects Plaintiffs' argument.

Next, Plaintiffs argue that res judicata is inapplicable because the two cases do not arise out the same transactional facts. Courts look to the following criteria to determine whether an "identity of claims" exists:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The most important criteria in this inquiry is whether the suits arise out of the same transactional nucleus of facts. *Id.* at 1202. In the Prior Action, RHI sued FRT over the parties' performance under the license agreement between them. In the current action, Plaintiffs are asserting claims premised on the negotiation of and performance under the same license agreement. Accordingly, these claims arise out of the same transactional nucleus of facts. However, Plaintiffs also assert three claims seeking the rescission of Settlement Agreement the parties reached in order to resolve the Prior Action. RHI did not bring any claims relating to or arising out of the Settlement Agreement because it did not exist yet when RHI filed the Prior Action. Therefore, these three claims do not arise out of the same transactional nucleus of facts and, thus, are not barred by res judicata.

Finally, Plaintiffs argue that there was no final judgment on Plaintiffs' claims, presumably because the Prior Action was resolved by a stipulated judgment. However, "[f]or res judicata purposes, an agreed or stipulated judgment is a judgment on the merits." *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996); *see also Green v. Ancora-Citronelle Corp.,* 577 F.2d

United States District Court

For the Northern District of California

4

1380, 1383-84 (9th Cir.1978) (holding stipulation of settlement by parties in state court constituted final judgment on the merits for collateral estoppel purposes). Therefore, with the exception of the three claims seeking rescission of the Settlement Agreement, Plaintiffs claims are barred by res judicata and are dismissed with prejudice.

**C.      Judicial Estoppel Does Not Bar Plaintiffs' Rescission Claims.**

Defendants also seek to dismiss Plaintiffs' claims on the grounds that Plaintiffs should be judicially estopped from bringing their claims because Barbis failed to disclose them in his bankruptcy proceeding. Ordinarily, omitting claims during a bankruptcy proceeding acts as judicial estoppel against a plaintiff asserting those claims in another court. *See Dunmore v. United States*, 358 F.3d 1107, 1113 n.3 (9th Cir. 2004); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001). However, in *Dunmore*, the Ninth Circuit found that a court may remedy a plaintiff's inconsistent assertions in the bankruptcy court and in the district court "by allowing him to reopen his bankruptcy case, thereby giving the bankruptcy trustee an opportunity to administer the unscheduled claims." *Id*. at 1113 n.3. The court held that the court's:

> approach prevented [the plaintiff] from having his cake and eating it too: [the plaintiff] risked that the trustee would retain, rather than abandon, the ... claims. This approach was a permissible alternative to judicial estoppel that prevented [the plaintiff] from deriving an unfair advantage if not estopped.

*Id*.

Here, it is undisputed that Barbis' bankruptcy case was reopened and that the trustee was given an opportunity to administer the unscheduled claims. Accordingly, Barbis' inconsistent positions have been remedied and therefore, he is not judicially estopped from litigating his claims in this Court.

**D.      Plaintiffs' Claims for Rescission of the Settlement Agreement.**

Plaintiffs allege that the Settlement Agreement should be rescinded for the following reasons: (1) the Prior Action, out of which the Settlement Agreement arose, was filed in violation of the Licensing Agreement; (2) lack of consideration; (3) Barbis and FRT signed the Settlement Agreement under duress based on threats to Barbis's life; (4) Barbis and FRT were unduly influenced by their attorneys to sign the Settement Agreement; (5) Barbis and FRT

1   signed the Settlement Agreement under economic duress; (6) California Corporations Code §

2   31512; and (7) Defendants entered into the Settlement Agreement to defraud the United States

3   and California of taxes owed by Plaintiffs.  (Compl., ¶¶ 126, 127, 136-141, 149-152.)

4          In opposition to Defendants' motion to dismiss, Plaintiffs argue that the Settlement

5   Agreement is void or voidable because it was the product of an action filed in violation of the

6   Licensing Agreement and, thus, venue in the that action was not proper.  (Opp. at 8.)  However,

7   venue is waived if it is not timely waived.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316

8   (2006); *see also In re Duncan*, 713 F.2d 538, 543 (9th Cir. 1983); 28 U.S.C. § 1406(b)

9   ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving

10  a party who does not interpose a timely and sufficient objection to the venue.").  Federal Rule of

11  Civil Procedure 12(h) provides that a party waives a defense of improper venue by failing to

12  either make a motion to dismiss on that grounds or to include this defense in a responsive

13  pleading.  *See* Fed. R. Civ. P. 12(h)(1); 12(b)(3).  Here, Plaintiffs never moved to dismiss the

14  Prior Action for improper venue and, in fact, filed a consent to have the matter heard in the

15  District Court for the Northern District of California by a magistrate judge.  Accordingly,

16  Plaintiffs waived this defense and therefore, cannot assert it in this action.  Therefore, the Court

17  grants Defendants' motion to dismiss as to Plaintiffs' seventh claim.

18         Plaintiffs allege that the Settlement Agreement fails for lack of adequate consideration.

19  According to Plaintiffs, the consideration FRT and Barbis received was nominal and

20  insignificant.  (Compl., ¶ 136.)  However, the Settlement Agreement provides that FRT and

21  Barbis received a release of claims from RHI and Hagar.  Therefore, the Court need not accept

22  as true Plaintiffs' conclusory allegation that the consideration they received was nominal and

23  insignificant.  *Steckman*, 143 F.3d at 1295-1296 (courts need not "accept as true conclusory

24  allegations which are contradicted by documents referred to in the complaint.").  A release of

25  claims made in good faith is adequate consideration.  *See Cuenin v. Lakin*, 146 Cal. App. 2d

26  855, 858 (1956) (finding that release of claims being made in good faith was sufficient

27  consideration).  Accordingly, the Court finds that Plaintiffs cannot allege a claim for rescission

28  based on inadequate consideration.

1    Plaintiffs summarily argue that they "have pleaded and/or can [by amendment] plead

2    facts" to show that their consent to the Settlement Agreement was obtained by coercion and

3    fraud.  Pursuant to California Civil Code section 1689, a contract may be rescinded, *inter alia*,

4    if "the consent of the party rescinding ... was given by mistake, or obtained through duress,

5    menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom

6    he rescinds, or of any other party to the contract jointly interested with such party."  Cal. Civ.

7    Code § 1689(1).

8    Plaintiffs allege that Hagar threatened to kill Barbis and that an unnamed third party told

9    Barbis that a "hitman" was hired to kill Barbis if he did not settle the Prior Action.  (Compl., ¶¶

10   50, 138.)  Plaintiffs do not allege who actually hired this alleged hitman.  From Plaintiff's

11   complaint and Barbis declaration, it is clear that Hagar's alleged threat to kill him was made in

12   August 2008, four months before the Prior Action was even filed and seven months before the

13   Settlement Agreement was signed.  Plaintiffs do not allege that this threat was made in

14   connection with the Settlement Agreement or that the threat *caused* Barbis and FRT to sign the

15   Settlement Agreement.  With respect to the "hitman" allegations, Plaintiffs do not allege that

16   any of the Defendants hired the hitman.  Therefore, the Court finds that Plaintiffs have not

17   sufficiently alleged that Barbis and FRT's consent was derived through duress "exercised by or

18   with the connivance of the party as to whom he rescinds, or of any other party to the contract

19   jointly interested with such party."  Cal. Civ. Code § 1689(1).

20   Plaintiffs further allege that they were "unduly influenced" by their counsel to sign the

21   Settlement Agreement when their counsel threatened to withdraw unless they signed the

22   Settlement Agreement.  (Compl., ¶ 139.)  To allege a claim for rescission, the undue influence

23   must be exerted by the party as to whom Plaintiffs seek to rescind or by someone with whom

24   the party is jointly interested.  Cal. Civ. Code § 1689(1).  Alternatively, if the party with whom

25   a plaintiff seeks to rescind is not responsible for the duress, the plaintiff must allege that the

26   party "knows that it has taken place and takes advantage of it."  *Chan v. Lund*, 188 Cal. App.

27   4th 1159, 1174 (2010); *see also* Cal. Civ. Code § 1689(1).  Plaintiffs have not alleged that

28   Defendants had any knowledge of Plaintiffs' attorney's alleged threats or that Defendants took

**United States District Court**
For the Northern District of California

7

1   advantage of these alleged facts.  Accordingly, the Court finds that Plaintiffs have not alleged

2   sufficient facts to state a claim for rescission based on the alleged undue influence by their

3   counsel.

4           With respect to Plaintiffs' claim that they were under economic duress, Plaintiffs'

5   simply allege "FRT and Barbis allege economic duress which can be a basis for rescission... ."

6   (Compl., ¶ 140.)  "Economic duress can be a basis for rescission of a settlement agreement, but

7   only in circumstances where the perpetrator commits a *wrongful act* which is sufficiently

8   *coercive* to cause a reasonably prudent person *faced with no reasonable alternative* to succumb

9   to the perpetrator's pressure."  *Myerchin v. Family Benefits, Inc.*, 162 Cal. App. 4th 1526, 1539

10  (2008) (emphasis in original) (internal quotation marks and citation omitted) (finding claim

11  deficient due to lack of evidence that plaintiff "lacked any reasonable alternative to

12  settlement.").  Here, Plaintiffs have not alleged any facts which, if true, would demonstrate that

13  based on Defendants' wrongful act Plaintiffs were faced with no reasonable alternative to

14  settlement.  Therefore, the Court finds that Plaintiffs have not sufficiently alleged that they were

15  under economic duress.

16          Plaintiffs summarily allege that pursuant to California Corporations Code section 31512,

17  they are entitled to rescission of the Settlement Agreement.  (Compl., ¶ 141.)  California

18  Corporations Code § 31512 provides that: "Any condition, stipulation or provision purporting

19  to bind any person acquiring any franchise to waive compliance with any provision of [the

20  California Franchise Investment Law] or any rule or order hereunder is void."  Plaintiffs do not

21  allege that any provision of the Settlement Agreement waives compliance with the California

22  Franchise Investment Law.  Moreover, upon review of the Settlement Agreement, the Court

23  does not find any provision which waives compliance with the California Franchise Investment

24  Law.  Accordingly, the Court dismisses Plaintiffs' claim for rescission on this basis.

25          Because Plaintiffs have not sufficiently alleged facts to support any of the bases for

26  rescission set forth in their eighth claim, the Court dismisses this claim.  However, because it

27  does not appear futile with respect to duress or undue influence, the Court will provide leave to

28

1  amend this claim on these grounds, provided that Plaintiffs can allege, in good faith, additional

2  facts to state a claim for rescission.[2]

3      Finally, Plaintiffs allege that Defendants entered into the Settlement Agreement to

4  defraud the United States and California of taxes owed by Plaintiffs.  Pursuant to *Twombly*, a

5  plaintiff must not merely allege conduct that is conceivable but must instead allege "enough

6  facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The Court finds that

7  Plaintiffs have not allege facts to state a claim on this basis that is plausible on its face.

8  Accordingly, the Court dismisses Plaintiffs' ninth claim.[3]

9                                  **CONCLUSION**

10     For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss all of

11 Plaintiffs' claims.  The Court is providing Plaintiffs leave to amend to allege additional facts in

12 support of its claim for rescission of the Settlement Agreement against RHI on the grounds that

13 Barbis and FRT's were under duress or unduly influenced.  The remainder of Plaintiffs' claims

14 are dismissed with prejudice.  Plaintiffs shall file their amended complaint, if any, within twenty

15 days of the date of this Order.  If Plaintiffs do not amend their complaint, this action will be

16 dismissed.  If Plaintiffs file an amended complaint in accordance with this Order, RHI shall

17 ///

18 ///

---

20 [2] As an additional basis for dismissal, Defendants argue that Plaintiffs failed to give
prompt notice and that they have restored everything of value that they have received as
21 required by pursuant to California Civil Code § 1691.  Section 1691 provides that it is
subject to California Civil Code § 1693, which provides that rescission "shall not be denied
22 because of delay in giving notice unless such delay has been substantially prejudicial to the
other party."  Cal. Civ. Code § 1693.  Defendants argue that they have been prejudiced by
23 Plaintiffs' delay because they lost their opportunity to file their claims which were settled
through the Settlement Agreement against Barbis in his bankruptcy before he received his
24 discharge.  Plaintiffs fail to address this argument in their opposition.  Although whether
Defendants were substantially prejudiced is a question of fact which is not appropriate to
25 resolve on a motion to dismiss, the Court notes that amending their complaint to allege a
claim for rescission would not be worthwhile if Plaintiffs cannot ultimately prevail on the
26 issue of notice and substantial prejudice.

27 [3] Gruppo Campari moved individually to dismiss Plaintiffs' claims against it.
However, because the Court has dismissed all of Plaintiffs' claims against it with prejudice
28 for the reasons addressed in Defendants' motion, the Court need not address Gruppo
Campari's additional grounds for dismissal.  Therefore, the Court denies Gruppo Campari's
motion as moot.

1    either file an answer or move to dismiss within twenty days of service of the amended

2    complaint.

3        **IT IS SO ORDERED.**

4

5    Dated: September 1, 2011

6                                            _____
                                             JEFFREY S. WHITE
                                             UNITED STATES DISTRICT JUDGE

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28