UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZONE SPORTS CENTER INC. LLC, et al.,

    Plaintiffs,

v.

RED HEAD, INC,

    Defendant.

Case No. 11-cv-00634-JST

**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS**

Re: ECF No. 143

On May 22, 2013, the Court dismissed Plaintiffs' claim for rescission of the settlement agreement reached in a prior action for lack of subject matter jurisdiction, and it denied Plaintiffs' request to set aside the stipulated judgment entered in the prior action. See ECF No. 140. The Court entered judgment in favor of RedHead and against Plaintiffs on May 22, 2013. ECF No. 141. Defendant RedHead now moves for an award of attorney's fees and costs under California Civil Code Section 1717 and Civil Local Rule 54-5. ECF No. 143. Plaintiffs have not filed an opposition or a statement of non-opposition as required by Civil Local Rule 7-3. For the reasons set forth below, the motion is DENIED.

California Civil Code Section 1717 provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs . . . [r]easonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." Cal. Civ. Code § 1717(a).

Here, the Court dismissed for lack of subject matter jurisdiction the only claim in the

complaint premised on a contract, namely Plaintiffs' claim to rescind the settlement agreement reached by the parties in the prior action.[1] Accordingly, because no "action on a contract" was ever properly before the Court, the Court cannot award fees and costs in accordance with Section 1717.[2] Red Head may re-file its request in state court.

**IT IS SO ORDERED**.

Dated: July 21, 2013

                                                       JON S. TIGAR
                                              United States District Judge

---

[1] The request to set aside the stipulated judgment entered in the prior action is not an "action on contract." Rather, it is an action in equity. <u>See</u> ECF No. 140 at 10.

[2] In reaching this conclusion, the Court has considered the well-reasoned and thorough analysis of the governing law contained in <u>Advance Fin. Res., Inc. v. Cottage Health Sys., Inc.</u>, 2009 WL 2871139 (D. Or. Sept. 1, 2009).